UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

THE ANNUITY, WELFARE AND APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 15, 15A, 15C & 15D, AFL-CIO, *by Their Trustees James T. Callahan, Thomas A. Callahan, Michael Salgo and William Tyson*, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, *by Its Chief Executive Officer Joseph Shelton*, and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO, *by Its President and Business Manager Thomas A. Callahan*,

          Plaintiffs,

v.

REGAL USA CONCRETE, INC.,

          Defendant.

**ORDER**
23-CV-1209 (MKB) (SJB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs the Annuity, Welfare and Apprenticeship Skill Improvement and Safety Funds of the International Union of Operating Engineers Local 15, 15A, 15C & 15D, AFL-CIO ("Local 15 Funds"), Central Pension Fund of the International Union of Operating Engineers ("CPF"), and International Union of Operating Engineers Local 15, 15A, 15C & 15D, AFL-CIO ("Local 15 Union") commenced the above-captioned action against Defendant Regal USA Concrete, Inc. ("Regal") on February 14, 2023, alleging claims arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141 *et seq.*, of breach of a collective bargaining agreement and breach of Section 515 of ERISA, 29 U.S.C. § 1145, for failing to

make required contributions, and demanding an audit of Defendant's books and records. (Compl., Docket Entry No. 1.)  Defendant failed to appear or otherwise defend this action, and on April 3, 2023, the Clerk of Court noticed a default against Defendant.  (Clerk's Entry of Default, Docket Entry No. 7.)  On April 5, 2023, Plaintiffs moved for default judgment against Defendant, (Pl.'s Mot. for Default J., Docket Entry No. 8), and the Court referred Plaintiffs' motion to Magistrate Judge Sanket J. Bulsara for a report and recommendation, (Order dated Apr. 5, 2023).

By report and recommendation dated January 8, 2024, Judge Bulsara recommended that the Court enter default judgment against Defendant, and that Defendant be ordered to: (1) submit to an audit of relevant records related to contributions owed to the Local 15 Funds and CPF for the relevant time period; (2) pay Plaintiffs $2,415 in attorney's fees; and (3) pay Plaintiffs $524 in costs.  (Report and Recommendation ("R&R") 22, Docket Entry No. 13.)

No objections to the R&R have been filed and the time for doing so has passed.

**I.  Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision."  *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision." (internal quotation marks

omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

Accordingly, the Court: (1) grants Plaintiffs' motion for default judgment; (2) orders Defendant to submit to an audit of relevant records related to contributions owed to the Local 15

3

Funds and CPF for the time period of July 1, 2018 through January 31, 2023; and (3) awards Plaintiffs $2,415 in attorney's fees and $524 in costs.

Dated: February 22, 2024
       Brooklyn, New York

SO ORDERED:

          s/ MKB
MARGO K. BRODIE
United States District Judge

4